**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**CIVIL ACTION NO. 1:26-CV-82-JHM**

**JOSEPH L. YOUNG** **PLAINTIFF**

**v.**

**ISREAL BROWN, *et al.*** **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Joseph L. Young filed this *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss this action with leave to file an amended complaint.

## I. SUMMARY OF CLAIMS

Plaintiff, while a pretrial detainee, initiated this *pro se* 42 U.S.C. § 1983 civil-rights action against the Hart County Jail ("HCJ") Jailer Israel Brown,[1] HCJ Major Paul Gentry, Mayor Ricky Lines, and Hart County Sheriff Jeff Wilson in their individual and official capacities for violations of his constitutional rights. [DN 1].

Plaintiff alleges that Defendant Brown is improperly charging inmates to use "apps" on the tablet that are free apps. Plaintiff further complains that Defendant Brown is charging the city, county, and state to house inmates, charging inmates $45 a day, and is not paying taxes on money earned from inmates' work. Plaintiff represents that Defendant Brown is overpricing items in the canteen. Plaintiff also asserts that Defendant Brown is taking over fifty percent of what inmates receive from their family and friends to profit himself.

[1] While Plaintiff lists the jailer as Isreal Brown, the Court believes that the jailer is Isreal Bergenson. However, for purposes of this initial review, the Court will refer to him as Defendant Brown or Jailer Brown.

In addition, Plaintiff represents that prior to his incarceration, a physician diagnosed him with congestive heart failure. Plaintiff alleges that "the nurse" at the jail informed him that the medication he had been prescribed was too expensive and changed his medication. Plaintiff states that after several trips to the doctor and emergency room over a period of months, the "jail" finally placed him back on the correct medication.

Plaintiff also claims that Defendant Gentry refused to give him the § 1983 lawsuit form to fill out and did not clear his "requests" so that Plaintiff has been unable to file grievances on matters. Additionally, Plaintiff alleges that Defendant Wilson failed to read Plaintiff his *Miranda* rights and that "pretrial" never spoke to anyone at Plaintiff's home which "didn't allow [him] a fair bond."

As relief, Plaintiff seeks damages and release from jail.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take

all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. DISCUSSION

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claims

Plaintiff sues Defendants Lines, Wilson, Gentry, and Brown in their official capacities. "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against these Defendants are actually against their employer. Defendant Lines's

employer is the City of Munfordville. Defendants Wilson, Gentry, and Brown's employer is Hart County.

"[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Social Services*, 436 U.S. 436 U.S. 658, 691 (1978). When a § 1983 claim is made against a municipality or county, such as Hart County or the City of Munfordville, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or county as an entity is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality or county cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff does not allege that the actions of Defendants Lines, Wilson, and Gentry violated his constitutional rights pursuant to a policy or custom of Hart County or Munfordville. Additionally, with respect to the actions of Defendant Brown, Plaintiff does not sufficiently allege that any official policy or custom of Hart County was responsible for the alleged "overcharges." Furthermore, as set forth below, having determined that Plaintiff has not stated a constitutional violation for the alleged "overcharges," his *Monell* liability claim against Hart County would fail as well.

Accordingly, Plaintiff's official-capacity claims must be dismissed for failure to state a claim upon which relief may be granted.

**B. Individual-Capacity Claims**

**1. Defendant Mayor Lines**

Because the complaint sets forth no specific allegations against Defendant Lines, the Court assumes that Plaintiff seeks to hold him liable in his supervisory role as the Mayor of Munfordville. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Indeed, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Thus, because Plaintiff's claims against Defendant Lines are not based on any active unconstitutional conduct, the Court concludes that Plaintiff's individual-capacity claim against him must be dismissed for failure to state a claim upon which relief may be granted.

**2. Defendant Sheriff Wilson**

Plaintiff sues Defendant Sheriff Wilson for failure to give him his *Miranda* warnings in violation of the Fifth and Fourteenth Amendments. This claim is barred by the principles set forth in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). In *Heck*, the Supreme Court held that a state prisoner could not state a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner showed that the conviction or sentence had been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make

such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* (footnote omitted). "[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 486. This principle holds true whether the plaintiff seeks damages or equitable relief. *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (A "prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

The *Heck*-bar "applies to claims that a plaintiff was not given a *Miranda* warning." *Watkins v. Snow*, No. 3:12CV-P585-S, 2013 WL 1879489, at *2 (W.D. Ky. May 3, 2013). Because Plaintiff's conviction has not been reversed on appeal or called into question in any of the ways articulated by *Heck*, he cannot proceed with this claim. *See Commonwealth v. Young*, Criminal Action No. 25-CR-180 (Hart County Circuit Court).

Furthermore, Plaintiff cannot assert an independent cause of action under § 1983 based on the failure to provide a *Miranda* warning. *Sawyer v. Boone Cnty., KY*, No. 2:22-CV-00071-GFVT, 2024 WL 4860828, at *19 (E.D. Ky. Nov. 21, 2024); *Gradisher v. Cnty. of Muskegon*, 255 F. Supp. 2d 720, 731 (W.D. Mich. 2003). "'The proper remedy for such a violation is the exclusion of evidence in a criminal proceeding.'" *Williams v. Hardin Cnty. Det. Ctr.*, No. 3:18-CV-P596-DJH, 2019 WL 539108, at *3 (W.D. Ky. Feb. 11, 2019) (quoting *Gradisher*, 255 F. Supp. 2d at 731).

Accordingly, Plaintiff's claim against Defendant Wilson will be dismissed for failure to state a claim.[2]

---

[2] Plaintiff's allegation regarding his failure to obtain bond in his criminal case is dismissed as well. Plaintiff failed to identify an individual defendant responsible for the alleged violation.

**3. Defendant Major Gentry**

*a. Grievances*

With respect to Plaintiff's allegations that his grievances at HCJ have been handled inappropriately by Defendant Gentry, prisoners do not possess a constitutional right to a prison grievance procedure. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) ("All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) ("there is no inherent constitutional right to an effective prison grievance procedure"). For this reason, the denial of a grievance or the failure to act based upon information contained in a grievance fails to state a claim under § 1983. *Gibbs v. Laughhunn*, No. 16-1771, 2017 WL 3140577 (6th Cir. Feb. 2, 2017); *see also LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (holding plaintiff's allegation that jail staff ignored the grievances he filed did not state a § 1983 claim "because there is no inherent constitutional right to an effective prison grievance procedure").

For these reasons, the Court will dismiss Plaintiff's grievance claim against Defendant Gentry for failure to state a claim upon which relief may be granted. Similarly, in as much as Plaintiff sues Jailer Brown in his individual capacity for not processing or rejecting his grievances, the Court likewise dismisses such claim against him.

*b. Access to the Courts*

Prisoners have a constitutional right of meaningful access to the courts under the First Amendment. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Meaningful access to the courts under the First Amendment will vary with the circumstances, and officials are to be accorded discretion in determining how that right is to be administered. *Id.* at 830–31; *John L. v. Adams*, 969 F.2d

228, 233–34 (6th Cir. 1992). To state a claim for a denial of access to the courts, a prisoner must demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). That is, Plaintiff must plead actual injury, and no actual injury occurs without a showing that a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id.* at 356; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (stating that an inmate must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim"); *Sampson v. Garrett*, 917 F.3d 880, 881 (6th Cir. 2019).

Plaintiff alleges no actual injury or prejudice to his civil-rights action. Plaintiff's allegation that Defendant Gentry denied or ignored his requests for a § 1983 complaint form does not allow the Court to plausibly infer that Defendant Gentry violated Plaintiff's constitutional rights since he clearly filed a § 1983 civil-rights action a court-approved form. *Jones v. Domberski*, No. 2:20-CV-199-DCLC-CRW, 2020 WL 5902516, at *3 (E.D. Tenn. Oct. 1, 2020); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (holding that a plaintiff must plead and prove that his meritorious claims have been prejudiced by the alleged denial of access to the courts to state a claim upon which relief may be granted under § 1983); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("An inmate who claims his access to the courts was denied fails to state a claim without any showing of prejudice to his litigation.").

For these reasons, the Court will dismiss Plaintiff's access-to-the-courts claim against Defendant Gentry for failure to state a claim upon which relief may be granted.

**4. Defendant Jailer Brown**

Plaintiff alleges that Jailer Brown violated his constitutional rights by instituting excessive canteen charges and tablet charges and by charging inmates' families and friends excessive fees to deposit money into prisoner accounts.

To prevail on a Fourteenth Amendment due process claim, a plaintiff "must first demonstrate that he was deprived of life, liberty or property by government action." *Winfrey v. Rohwer*, No. 4:25-CV-04203-CCT, 2026 WL 1875729, at *8–9 (D.S.D. June 30, 2026). "Protected liberty interests may arise from two sources—the Due Process Clause itself and the laws of the States." *Id.* (citing *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). "'When the Due Process Clause does not itself confer a liberty interest, . . . whether state law has created a protected interest turns on whether the challenged conditions impose atypical or significant hardship . . . in relation to the ordinary incidents of prison life.'" *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

There is no protected liberty or property interest or constitutional right to canteen access or affordable canteen items. *Riley v. O'Brien*, No. CV 16-11064-LTS, 2016 WL 8679258, at *9 (D. Mass. Sept. 2, 2016); *Bennett v. Cannon*, No. 2:05-CV-2634, 2006 WL 2345983, at *2 (D.S.C. Aug. 10, 2006) ("[t]here is simply no freestanding constitutional right to canteen privileges at all"). "Claims concerning canteen prices do not have constitutional implications because prisoners have no right to use of a prison commissary." *Riley*, 2016 WL 8679258, at *9; *see also Pagan v. Westchester Cnty.*, No. 12-CV-7669, 2014 WL 982876, *17 (S.D.N.Y. Mar. 12, 2014) (price gouging by prison commissary does not constitute a constitutional violation); *Gray v. Stolle*, No. 3:11CV546, 2013 WL 4430915, at *5 (E.D. Va. Aug. 16, 2013) (inmates have no constitutionally protected interest in purchasing stamps, food substances, or any other goods in the

prison canteen at the lowest price possible); *Moore v. Ozmint*, No. 3:10-CV-3041, 2012 WL 762460, *10 (D.S.C. Feb. 16, 2012) (no constitutional right to competitively priced canteen items, because canteen access is not a protected liberty interest); *Hopkins v. Keefe Commissary Network Sales*, No. 07-CV-745, 2007 WL 2080480, *5 (W.D. Pa. July 12, 2007) (prisoner had no right to injunction against commissary charging exorbitant prices); *Oliver v. Greenwell*, No. 1:05-CV-111, 2005 WL 2406015, *3 (E.D. Mo. Sept. 29, 2005) (rejecting prisoner's challenge based on lack of items available to purchase at prison canteen).

Similarly, inmates do not have a protected property or liberty interest in tablet use. *Winfrey v. Rohwer*, No. 4:25-CV-04203-CCT, 2026 WL 1875729, at *8–9 (D.S.D. June 30, 2026); *Perkins v. Newcomer*, No. 7:23-CV-00074, 2024 WL 4295261, at *6 (W.D. Va. Sep. 25, 2024); *Beams v. Cisnero*, No. 1:22-CV-1033-JLT-CDB (PC), 2023 WL 5353665, at *6–7 (E.D. Cal. Aug. 18, 2023); *Burrell v. DOCCS*, 655 F. Supp. 3d 112, 129 (N.D.N.Y. 2023)

Furthermore, courts have routinely rejected constitutional challenges to jail or prison programs that require inmates to share in the cost of their incarceration. *Reyes v. Kelsey*, No. CV1921393RMBAMD, 2020 WL 1689781, at *3 (D.N.J. Apr. 7, 2020); *Sourbrine v. Byrn*, No. 20-CV-0067, 2020 WL 590029, at *2 (E.D. Pa. Feb. 5, 2020); *Meeker v. Buskirk*, No. 18-CV-757, 2018 WL 2331906, at *4 (E.D. Pa. May 22, 2018); *Williamson v. Northampton Cnty. Prison*, No. CIV.A. 12-2333, 2012 WL 1656291, at *2 (E.D. Pa. May 9, 2012) (rejecting challenge to prison's deduction of half of prisoner's deposit for room and board where "[n]othing in the complaint suggests that plaintiff would be subject to a longer sentence or that he would be denied basic human needs if he did not pay a certain amount of money toward his room and board"). Additionally, Plaintiff's allegation that the inmates' families "were subjected to excessive fees in depositing money into the [inmates'] accounts, such a cause of action would belong to the

[inmates'] families and not the [inmates] themselves." *Ferguson v. Thomas*, No. 5:14-CV-02396RDPJHE, 2016 WL 3774126, at *5 (N.D. Ala. June 20, 2016).

Finally, "[c]ase law makes clear that prisoners have no right to a prison job, and no constitutional right to wages for work performed while incarcerated." *Vanskike v. Peters*, 974 F.2d 806, 809 (7th Cir. 1992). Moreover, "'[c]ompelling an inmate to work without pay is not unconstitutional.'" *Ortiz-Lopez v. Fed. Bureau of Prisons, Dir.*, 830 F. App'x 127, 133 (5th Cir. 2020) (quoting *Murray v. Miss. Dep't of Corr.*, 911 F.2d 1167, 1167 (5th Cir. 1990) (per curiam)).

For these reasons, the Court will dismiss Plaintiff's Fourteenth Amendment due process claims against Defendant Brown.

**5. Fourteenth Amendment Deliberate Indifference to Serious Medical Needs**

Plaintiff alleges that "the nurse" at the jail informed him that the medication he had been prescribed was too expensive and changed his medication. Plaintiff appears to assert a Fourteenth Amendment claim for deliberate indifference to a serious medical need.

Pretrial detainees have a right to adequate medical care under the Fourteenth Amendment. "An officer violates that right if that officer shows deliberate indifference to [a pretrial detainee's] serious medical needs[.]" *Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022) (internal citations and quotation marks omitted); *Gist v. Trinity Servs. Grp.*, No. 3:22-CV-P270-CHB, 2023 WL 2531735, at *4 (W.D. Ky. Mar. 15, 2023). Here, Plaintiff fails to identify the nurse or any other jail staff who refused to give Plaintiff his prescribed medication. As such, the Court will dismiss Plaintiff's Fourteenth Amendment deliberate indifference to serious medical needs claim.

Although the Court is dismissing this claim for the above-stated reasons, the dismissal will be without prejudice and with leave for Plaintiff to file an amended complaint against the medical staff or individual officers involved in the alleged unconstitutional conduct. *See LaFountain v.*

*Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[A] district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act]."); *Rashada v. Flegel*, No. 23-1674, 2024 WL 1367436, at *4 (6th Cir. Apr. 1, 2024) (approving dismissal of *pro se* complaint without prejudice and with leave to amend). If Plaintiff decides to file an amended complaint, he should sue the individual medical staff or officers who were allegedly involved in the deliberate indifference to his medical needs in their individual capacity and explain how each violated his rights.

**IV.**

For the foregoing reasons, the Court will enter a separate Order dismissing this action without prejudice and with leave to amend the complaint.

**IT IS ORDERED** that any amended complaint must be filed no later than **November 2, 2026**.

The **Clerk of Court is DIRECTED** to place this case number and the words "Amended Complaint" on a § 1983 complaint form and send it to Plaintiff for his use should he choose to file an amended complaint.

Date: October 2, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.014